# EXHIBIT A



# Notice of Service of Process

null / ALL
Transmittal Number: 12248581
Date Processed: 02/28/2014

| | |
|---|---|
| Primary Contact: | Cynthia J. Pearson<br>The Boeing Company<br>100 N Riverside MC 5003-1001<br>Chicago, IL 60606-1596 |
| Entity: | The Boeing Company<br>Entity ID Number  1901768 |
| Entity Served: | The Boeing Company |
| Title of Action: | Ja Hun Ku vs. The Boeing Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Cook County Circuit Court, Illinois |
| Case/Reference No: | 2014L002156 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 02/28/2014 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Todd A. Smith<br>212-687-8181 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| 2120 - Served | 2120 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev. 9/3/99) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JA HUN KU, Individually, et al.,

Plaintiffs,

vs.

THE BOEING COMPANY.

Defendant.

No. 2014L002156
CALENDAR/ROOM B
TIME 00:00
PI Other

please serve: The Boeing Company
R/A.: W. James McNerney, 100 N. Riverside Place, Chicago, IL 60606

and Corporation Service Company, 33 N. LaSalle Street, Suite 2320, Chicago, IL 60602

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court at the following locations:

☒ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Name POWER ROGERS & SMITH, P.C.
    Todd A. Smith, Brian Lacien
Attorney for Plaintiff(s)
Address 70 W. Madison Street
City Chicago, Illinois 60602-4212
Telephone 312-236-9381
Atty. No. 31444

WITNESS, _____, 20____

DOROTHY BROWN
Clerk of Court

Date of service: _____, 20____
(To be inserted by officer on copy left with defendant or other person)

**Service by Facsimile Transmission will be accepted at: 312-236-0920
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

1

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF COOK         )

FILED B - 15
2014 FEB 28 AM 11: 30
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
COUNTY, IL

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| JA HUN KU, individually, | ) |
| | ) |
| HYO JOO JEONG, individually, | ) 2014L002156 |
| | ) CALENDAR/ROOM B |
| JIN MI DO, individually, and | ) No. TIME 00:00 |
| | ) PI Other |
| HONG SOO RYU, individually, | ) *Plaintiffs Demand* |
| | ) *Trial By Jury* |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| THE BOEING COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AT LAW

## COUNT I

### Negligence - Defendant The Boeing Company
### Personal Injury

Plaintiffs, **JA HUN KU**, individually, **HYO JOO JEONG**, individually, **JIN MI DO**, individually, and **HONG SOO RYU**, individually ("Plaintiffs"), by and through their attorneys, POWER ROGERS & SMITH P.C. and KREINDLER & KREINDLER LLP, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), state as follows:

    1.     On July 6, 2013, JA HUN KU and JIN MI DO were passengers on Asiana Airlines Flight 214 when it crashed at and on San Francisco International Airport

    2.     Plaintiffs, JA HUN KU and HYO JOO JEONG, are husband and wife.

2

3. Plaintiffs, HONG SOO RYU and JIN MI DO are husband and wife.

4. Defendant, BOEING, was engaged in the business of designing, manufacturing, assembling, testing, servicing, and selling commercial aircraft and various component parts for those aircraft.

5. Defendant BOEING is a citizen of Cook County, Illinois.

6. On July 6, 2013, Asiana Airlines, Inc., (hereinafter "Asiana"), by and through its duly authorized agents and/or employees, owned, operated, managed, maintained and controlled a certain Boeing 777-200ER aircraft, which was designated as Flight 214 (hereinafter referred to as "Flight 214" or "subject aircraft") and was a regularly scheduled flight from Incheon International Airport near Seoul, South Korea to San Francisco International Airport in San Francisco ("SFO"), California.

7. On a date prior to July 6, 2013, Defendant BOEING designed, manufactured, assembled, tested, serviced, and/or sold the subject aircraft and various components of the subject aircraft including, but not limited to, the autothrottle, autopilot, flight control computers, and/or primary flight displays.

8. Prior to July 6, 2013, Boeing had knowledge of numerous air crashes and other incidents caused by defects in Boeing airplanes, including but not limited to their autothrottle system and the lack of an aural low speed warning system.

9. The prior aircrashes referred to in the previous paragraph include the February 25, 2009 crash of a Boeing 737-800 aircraft designated as Turkish Airlines Flight 1951 near Schipol Airport in Amsterdam, The Netherlands.

3

10. Prior to July 6, 2013, Boeing issued an Airplane Configuration Bulletin to all 737 operators regarding, among other things, the addition of an aural low airspeed alert that includes voice callouts that warn the pilots of a low speed condition.

11. Prior to July 6, 2013, despite its knowledge of the prevalence of low airspeed incidents leading to numerous air crashes, Boeing did not reconfigure the 777 aircraft, including the subject aircraft, with an aural low airspeed alert that includes voice callouts.

12. Prior to July 6, 2013, Boeing wrote and/or approved instructions and warnings for the subject aircraft, including flight manuals, operation manuals, maintenance manuals, maintenance instructions, inspection schedules and service life schedules to be followed by certain owners and operators, including Asiana, for the continued airworthiness and safe flight of the Model 777-200ER aircraft, including the subject aircraft.

13. Prior to July 6, 2013, Boeing provided customer support to Asiana, as it related to the subject aircraft and other 777-200ER model aircraft in its possession, including Alert Service Bulletins, Service Bulletins, Service Letters, Technical Advisories, aircraft parts, engineering and training personnel, and other like customer support services.

14. At all times relevant hereto, Boeing owed Plaintiffs the duty to design, manufacture, assemble, sell, and/or help maintain the subject aircraft and the various components in a reasonably safe condition.

15. On and prior to July 6, 2013, in violation of the aforesaid duties, Boeing, by and through its employees and/or actual/apparent agents, was negligent in one or more of the following ways:

    a. Failed to provide proper and effective low airspeed alerter system on their aircraft including the subject aircraft;

4

b. Failed to provide proper and effective flight control computers on their aircraft including the subject aircraft;

c. Failed to provide a proper and effective autothrottle system on their aircraft including the subject aircraft;

d. Failed to give adequate or proper warnings or instructions to ordinary and foreseeable users of the subject aircraft, including Asiana Airlines, Inc. and failed to recall or timely recall the products or make appropriate post-sale efforts, including but not limited to post-sale warnings and instructions regarding low airspeed alerter systems to prevent incidents such as the crash of Flight 214;

e. Failed to warn pilots to constantly monitor airspeed when there was no voice-callout low airspeed alert on the subject aircraft like the voice callout low airspeed alert on the Boeing 737;

f. Failed to properly and/or adequately inspect, maintain and/or repair the subject aircraft designated as Flight 214;

g. Failed to perform a proper and effective system safety analysis during original design of their aircraft including the subject aircraft;

h. Failed to perform proper and effective continuing airworthiness functions after gaining knowledge of the need for a voice callout low airspeed alert for the Boeing 777 like that Boeing added to the Boeing 737;

i. Failed to provide a voice callout low airspeed or low energy warning functions on the subject aircraft like that on the Boeing 737;

j. Failed to provide proper and effective system alerting, instruction, training or guidance as to the autothrottle engage/disengage status;

k. Failed to provide proper and effective high angle of attack limiting and protection; and/or

l. Was otherwise careless and negligent.

16. As a direct and proximate result of one or more of Boeing's negligent acts and/or omissions, on July 6, 2013, at approximately 11:26 a.m. PST, the subject aircraft's airspeed decreased and it crashed at San Francisco International Airport.

5

17. When the subject aircraft crashed, Plaintiffs, JA HUN KU and JIN MI DO, sustained severe physical and psychological injury and will in the future experience great pain and suffering; have suffered and will in the future suffer disability and disfigurement; have been caused to incur and will in the future incur expenses for necessary medical care, treatment and services; have suffered and will in the future suffer the loss of the value of their time, earnings, profits and salaries and has been and will be damaged in their earning capacity, and has otherwise been damaged in a personal, pecuniary and permanent nature.

18. As a direct and proximate result of the negligence of the Defendant, Plaintiffs, JA HUN KU and JIN MI DO, suffered fright, terror, mental anguish, emotional distress, and suffering and sustained injuries of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiffs XIN LU LIU, LIAN JUN YE and TAO LIU, by and through their attorneys, POWER ROGERS & SMITH P.C. and KREINDLER & KREINDLER LLP, each demand that judgment be entered in their favor in Count I and against the Defendant, THE BOEING COMPANY, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimal jurisdiction amount of the Law Division of the Circuit Court of Cook County, Illinois together with interests and the costs of this action.

## COUNT II

### Strict Liability - Defendant The Boeing Company
### Personal Injury

19. Plaintiffs repeat and reallege paragraphs 1 through 18 as set forth above.

20. At all relevant times, including from the time the subject aircraft left the custody and control of Boeing, the subject aircraft was defective and unreasonably dangerous in one or more of the following ways:

6

     a.     Lacked proper and effective low airspeed alert system;

     b.     Lacked proper and effective flight control computers;

     c.     Lacked proper and effective autothrottle systems;

     d.     Lacked proper and effective aural and visual low airspeed or low energy warning systems;

     e.     Provided, confusing autothrottle engage/disengage information to flight crews which was not adequately and properly conveyed to the operator;

     f.     By reason of Boeing's design decisions and the implementation of those decisions failed to recognize the potential for design induced errors by the flight crew which could result in lack of timely recognition of dangerously low airspeed and the need for corrective action; and

     g.     The aforementioned aircraft was otherwise defective.

21.     As a direct and proximate result of the aforesaid defects, failures and/or of one or more of Boeing's negligent acts and/or omissions on July 6, 2013, at approximately 11:26 a.m. PST, the subject aircraft's airspeed decreased and it crashed at San Francisco International Airport.

WHEREFORE, Plaintiffs, JA HUN KU and JIN MI DO, by and through their attorneys, POWER ROGERS & SMITH P.C. and KREINDLER & KREINDLER LLP, each demand that judgment be entered in their favor in Count II and against the Defendant, THE BOEING COMPANY, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimal jurisdiction amount of the Law Division of the Circuit Court of Cook County, Illinois together with interests and the costs of this action.

### COUNT III

#### Negligence - Defendant The Boeing Company
#### Loss of Consortium

22.     Plaintiffs repeat and reallege paragraphs 1 through 18 as set forth above.

7

23. At all times relevant hereto, JA HUN KU and HYO JOO JEONG, were lawfully wedded as husband and wife.

24. At all times relevant hereto, HONG SOO RYU and JIN MI DO, were lawfully wedded as husband and wife.

25. As a direct and proximate result of the negligence of Defendant BOEING as alleged above, and the injuries sustained by JA HUN KU, his wife, HYO JOO JEONG, suffered loss of support, love, affection and consortium.

26. As a direct and proximate result of the negligence of Defendant BOEING as alleged above, and the injuries sustained by JIN MI DO, her husband, HONG SOO RYU, suffered loss of support, love, affection and consortium.

WHEREFORE, Plaintiffs, HYO JOO JEONG and HONG SOO RYU, by and through their attorneys, POWER ROGERS & SMITH, P.C., and KREINDLER & KREINDLER, LLP., each demand that judgment be entered in their favor in Count III and against the Defendant, THE BOEING COMPANY, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimal jurisdiction amount of the Law Division of the Circuit Court of Cook County, Illinois together with interests and the costs of this action.

### COUNT IV

#### Strict Liability - Defendant The Boeing Company
#### Loss of Consortium

27. Plaintiffs repeat and reallege paragraphs 1 through 18 and 19 through 21 as set forth above.

28. At all times relevant hereto, JA HUN KU and HYO JOO JEONG, were lawfully wedded as husband and wife.

8

29.    At all times relevant hereto, HONG SOO RYU and JIN MI DO, were lawfully wedded as husband and wife.

30.    As a direct and proximate result of the defects, failures and/or negligence of Defendant BOEING as alleged above, and the injuries sustained by JA HUN KU, his wife, HYO JOO JEONG, suffered loss of support, love, affection and consortium.

31.    As a direct and proximate result of the defects, failures and/or negligence of Defendant BOEING as alleged above, and the injuries sustained by JIN MI DO, her husband, HONG SOO RYU, suffered loss of support, love, affection and consortium.

WHEREFORE, Plaintiffs, HYO JOO JEONG and HONG SOO RYU, by and through their attorneys, POWER ROGERS & SMITH, P.C., and KREINDLER & KREINDLER, LLP each demand that judgment be entered in their favor in Count IV and against the Defendant, THE BOEING COMPANY, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimal jurisdiction amount of the Law Division of the Circuit Court of Cook County, Illinois together with interests and the costs of this action.

Dated: Chicago, Illinois
       February 21, 2014

Respectfully submitted,

POWER ROGERS & SMITH PC

By: _____
Todd A. Smith (tas@prslaw.com)
Brian LaCien (blacien@prslaw.com)
70 West Madison Street, 55th Floor
Chicago, IL 60602
#31444

9

KREINDLER & KREINDLER LLP

By: /s/ Justin T. Green
   Justin T. Green (jgreen@kreindler.com)
   Brian J. Alexander (balexander@kreindler.com)
   Marc S. Moller (mmoller@kreindler.com)
   750 Third Avenue
   New York, NY 10017
   Telephone: (212) 687-8181
   Facsimile:  (212) 972-9432

*Attorneys for Plaintiffs*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JA HUN KU, Individually, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. |
| THE BOEING COMPANY, | ) ) ) |
| Defendants. | ) ) |

### AFFIDAVIT

NOW comes Affiant, Todd A. Smith, and being first duly sworn on oath, deposes and states:

1. That he is one of the attorneys representing the plaintiffs in the above cause of action.

2. That he is familiar with the facts in the above cause.

3. That he has reviewed the available information relating to the money damages in the above matter.

4. That based upon information and belief, the total money damages sought in the above cause are worth in excess of Fifty Thousand Dollars ($50,000.00).

_____
Todd A. Smith

Subscribed and sworn to before me
this _____ day of _____, 2014.

_____
Notary Public

KATHLEEN A BEARDSLEY
MY COMMISSION EXPIRES
JULY 26, 2014

Todd A. Smith
Brian LaCien
POWER, ROGERS & SMITH, P.C.
Three First National Plaza
70 West Madison Street, 55th Floor
Chicago, IL 60602
312-236-9381
31444